IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>  v.<br><br>ZURICH INSURANCE COMPANY, et al.,<br><br>        Defendants.<br>_____/ | No. C-08-05005 MMC (EDL)<br><br>**ORDER ON DEFENDANTS' MOTION TO COMPEL ELECTRONICALLY STORED INFORMATION, DEFENDANTS' MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED, AND PLAINTIFF'S MOTION TO COMPEL CLAIMS MANUALS** |

On October 5, 2010, the parties appeared through their counsel of record for hearing on three motions to compel: (1) Defendants Zurich American Insurance Company and Steadfast Insurance Company's (collectively referred to as "Zurich") Motion to Compel Electronically Stored Information, (2) Zurich's Motion to Compel Documents Withheld as Privileged, and (3) Plaintiff United States of America's Motion To Compel Claims Manuals. After considering the parties' briefs and arguments of counsel, the Court makes the following orders:

(1) Zurich's Motion to Compel Electronically Stored Information is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE to it being re-filed. In the meantime, the Court orders the parties to meet and confer, through lead counsel in face to face discussions, to attempt to reach agreement on a narrowed scope of Electronically Stored Information to be searched by plaintiff. The Court further orders the parties to file a report concerning the results of the meet and confer discussions to the Court within 7 days of this Order. The parties are further ordered to disclose the names of the persons for which the party conducted any search for electronically stored information, including electronic documents and electronic mail searched for any person,

the approximate timeframe in which the search was performed, and a brief description of how the search was conducted. The parties are to exchange this information within 7 days of this Order.

(2) Zurich's Motion to Compel Documents Withheld as Privileged is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE to it being re-filed.  In the meantime, the Court orders the parties to meet and confer, again through face to face discussions in which lead counsel are participating, regarding the documents on plaintiff's privilege logs that remain in dispute in an attempt to reach agreement where possible.  The Court further orders plaintiff to provide revised privilege logs where appropriate. The Court further orders the parties to file a report giving the results of the meet and confer discussions within 7 days of this Order.  The Court will allow Defendants to select a limited number of documents to be submitted for in camera review, and such documents shall be submitted to the Court within 5 days of Defendants making such identification.

(3) Plaintiff United States of America's Motion to Compel Claims Manuals is GRANTED. Defendants shall provide a further sworn response to plaintiff's Request No. 6 in plaintiff's first set of document requests and produce responsive documents relating to similar environmental remediation claims during the relevant time period within 7 days of this Order.  The responsive documents include a document referred to by counsel and by defendants' employee Zeman and defendants' former employee Beshara as 'Best Practices.'

In addition, the Court orders the parties to participate in meet and confer discussions that are face to face discussions in which lead counsel for each party participates before any further motions to compel are filed in this action.

Finally, the Court orders that (a) pursuant to the parties' stipulation at the hearing, if documents protected as attorney-client privileged or attorney work product are disclosed in discovery, the producing party can "claw" the document back, regardless of whether adequate precautions were taken to prevent disclosure and (b) pursuant to the parties' stipulation at the hearing, the provisions of Federal Rule of Evidence 502(d) apply to this matter. Rule 502(d) provides:  "A federal court order that the attorney-client privilege or work product protection is

not waived as a result of disclosure in connection with the litigation pending before the court governs all persons or entities in all state or federal proceedings, whether or not they were parties to the matter before the court, if the order incorporates the agreement of the parties before the court."

**IT IS SO ORDERED.**

Dated: October 12, 2010

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge