MELINDA HAAG (SBN 132612)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Assistant United States Attorney
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
CHARLES O'CONNOR (SBN 56320)
Assistant United States Attorneys
Northern District of California

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone:    (415) 436-6909 (Lee)
    FAX:        (415) 436-7169

Attorneys for the UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>ZURICH INSURANCE COMPANY,<br>ZURICH AMERICAN INSURANCE<br>COMPANY and STEADFAST<br>INSURANCE COMPANY,<br><br>        Defendant.<br><br>AND RELATED CROSS ACTION | Case No. 08-5005 MMC (EDL)<br><br>**DECLARATION OF JONATHAN U.<br>LEE IN OPPOSITION TO MOTION<br>FOR PARTIAL SUMMARY<br>JUDGMENT**<br><br>Date: December 10, 2010<br>Time: 9:00 a.m.<br>Before: Hon. Maxine M. Chesney<br>Courtroom: 7, 19th Floor, U.S. Courthouse<br>450 Golden Gate Ave., S.F., CA 94102 |

I, Jonathan U. Lee, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the

Northern District of California. I am licensed to practice law in California and to appear

before this Court. I make this declaration from my own personal knowledge. If called as a

witness, I could and would competently testify to the contents of this declaration.

2. The documents attached as exhibits to this declaration will be grouped by subject or topic beginning with documents from 1998-1999 that relate to defendants' proposals and document review while underwriting the policies, the policies themselves and other pertinent materials from this time period.

## Underwriting and Placement of the Two Insurance Policies

3. Attached hereto as **Exhibit USA-1** is a true and correct copy of Erler & Kalinowski, Inc.'s May 1998 "Alternate Remedial Actions For Presidio Main Installation Sites and Public Health Service Hospital Sites," produced in discovery by our office.  Defendants have admitted in response to Requests for Admission that they reviewed this document before May 24, 1999.

4. Attached hereto as **Exhibit USA-2** is a true and correct copy of a letter dated August 21, 1998 from Melanie Nesterenko, J & H Marsh McLennan ("Marsh") to Bill Lynch, Zurich America regarding The Presidio Trust Redevelopment Project/Pollution Liability, which was produced by defendants in discovery.

5. Attached hereto as **Exhibit USA-3** is a true and correct copy of an email dated September 21, 1998 written by Michael McMullen, an underwriter employed by defendants, regarding "The Presidio Trust Stop Loss," produced in discovery by defendants.

6. Attached hereto as **Exhibit USA-4** is a true and correct copy of an email dated September 24, 1998 written by Michael McMullen, an underwriter employed by defendants, regarding "Presidio Trust Status Report," produced in discovery by defendants.

7. Attached hereto as **Exhibit USA-5** is a true and correct copy of correspondence dated September 24, 1998 from Melanie Nesterenko of Marsh to Michael McMullen of Zurich, produced in discovery by defendants.

*United States v. Zurich Insurance Co., et al.*
U.S. District Court Action 08-5005 MMC

8. Attached hereto as **Exhibit USA-6** is a true and correct copy of correspondence dated September 25, 1998 from Michael McMullen of Zurich to Melanie Nesterenko of Marsh, produced in discovery by defendants.

9. Attached hereto as **Exhibit USA-7** is a true and correct copy of a document titled "Documents Available" dated September 30, 1998, produced in discovery by defendants.

10. Attached hereto as **Exhibit USA-8** is a true and correct copy of portion of correspondence from Project Time & Cost, Inc., a consultant to defendants, to Mike McMullen, bearing facsimile transmission date of October 9, 1998, produced by discovery by defendants.

11. Attached hereto as **Exhibit USA-9** is a true and correct copy of a Comprehensive Environmental Insurance Proposal prepared for The Presidio Trust by Zurich-American Insurance Group dated October 16, 1998, produced in discovery by defendants.

12. Attached hereto as **Exhibit USA-10** is a true and correct copy of a Powerpoint titled "Comprehensive Environmental Insurance Program," dated October 16, 1998, produced in discovery by defendants.

13. Attached hereto as **Exhibit USA-11** is a true and correct copy of an email written by Laura Laurenzi, an Underwriter at Zurich, to Mike Mullen, regarding the subject of Presidio Trust Presentation, dated October 19, 1998, produced by defendants in discovery.

14. Attached hereto as **Exhibit USA-12** is a true and correct copy of Erler & Kalinowski, Inc.'s November 1998 "Report of Sediment Sampling" concerning Mountain Lake, produced in discovery by our office.

15. Attached hereto as **Exhibit USA-13** is a true and correct copy of correspondence dated January 15, 1999 from Mike McMullen and William Lynch, both Zurich underwriters, to Melanie Nesterenko, of Marsh, regarding Zurich-American Insurance Group's "update and

clarification" to the October 16, 1998 Comprehensive Environmental Insurance Proposal for The Presidio Trust, produced in discovery by defendants.

16. Attached hereto as **Exhibit USA-14** is a true and correct copy of correspondence dated March 12, 1999 from Karen Cook, The Presidio Trust's General Counsel, to Michael McMullen of Zurich enclosing a 10 March 1999 Memorandum from EKI titled Summary of Cash Flow Analysis for Environmental Restoration The Presidio of San Francisco, produced by defendants in discovery.

17. Attached hereto as **Exhibit USA-15** is a true and correct copy of correspondence dated March 19, 1999 from Project Time & Cost, Inc. to Mike McMullen of Zurich regarding EKI Scenario Cost Comparison Presidio Thurst (sic), produced by defendants in discovery.

18. Attached hereto as **Exhibit USA-16** is a true and correct copy of correspondence dated March 23, 1999 from Project Time & Cost, Inc. to Mike McMullen of Zurich regarding Presidio Trust Site (San Francisco, CA) Supplemental Information – Independent Cost Evaluation, produced by defendants in discovery.

19. Attached hereto as **Exhibit USA-17** is a true and correct copy of correspondence dated March 29, 1999 from William Lynch, Zurich's underwriter, to Greg Schilz, of Marsh, regarding Updated Premiums for Remediation Stop Loss Options, produced in discovery by defendants.

20. Attached hereto as **Exhibit USA-18** is a true and correct copy of a Memo from Michael McMullen and Bill Lynch, Zurich's Underwriters, to Ken Berger and Bill McElroy, their superiors at Zurich, dated May 20, 1999, titled "Presidio Actuarial Review," produced in discovery by defendants.

4

21. Attached hereto as **Exhibit USA-19** is a true and correct copy of the Presidio Trust's applications for the REEL and RSL Policies, produced in discovery by defendants.

22. Attached hereto as **Exhibit USA-20** is a true and correct copy of email correspondence dated July 6, 1999 from Mike McMullen and October 14, 2008 from William Lynch about the correct version of the RSL and REEL Policies, produced in discovery by defendants.

23. Attached hereto as **Exhibit USA-21** is a true and correct copy of the REEL Policy, as stipulated by the parties and confirmed by Zurich's claims adjuster Mr. Zeman at his deposition.

24. Attached hereto as **Exhibit USA-22** is a true and correct copy of the RSL Policy, as stipulated by the parties and confirmed by Zurich's claims adjuster Mr. Zeman at his deposition.

25. Attached hereto as **Exhibit USA-23** is a true and correct copy of portions of the Presidio MOA dated May 24, 1999, as confirmed by Zurich's claims adjuster Mr. Zeman at his deposition.

26. Attached hereto as **Exhibit USA-24** is a true and correct copy of portions of Exhibit 2 to the Presidio MOA.  Exhibit 2 is a bibliography of documents, over 750 pages in length, organized by into various programs (e.g., Basewide or CERCLA), with documents grouped by heading.  This portion of Exhibit 2 includes those pages on which documents are referenced under the heading of "Mountain Lake."

27. Attached hereto as **Exhibit USA-25** is a true and correct copy of that portion of Exhibit 2 including documents referenced under the heading of "Building 937."

28. Attached hereto as **Exhibit USA-26** is a true and correct copy of the Consent Agreement dated August 1999 between the California Department of Toxic Substance Control, the

Presidio Trust and the Department of Interior, National Park Service, as confirmed by Zurich's claims adjuster Mr. Zeman at his deposition.

29. Attached hereto as **Exhibit USA-27** is a true and correct copy of a document produced by defendants in discovery titled "Summary of Background Information The Presidio of San Francisco – Environmental Restoration," produced by defendants in discovery.

### Mountain Lake

30. Attached hereto as **Exhibit USA-28** is a true and correct copy of Zurich's claims notes regarding Mountain Lake for the period February 2002-June 2006, produced on October 22, 2010, by defendants after Magistrate Laporte granted our motion to compel.

31. Attached hereto as **Exhibit USA-29** is a true and correct copy of a facsimile from John Catts to Mark Lechowicz and Kathy Bailey dated May 11, 2001, enclosing the Presidio Trust's May 7, 2001 Notification of Unknown Contamination Discovery Mountain Lake, Presidio of San Francisco, produced in discovery by defendants.  Mr. Catts was a consultant retained by defendants to provide various services in connection with Zurich's San Francisco Presidio insurance policies.  Mr. Lechowicz was the first claims adjuster to work on the account.  Ms. Bailey was and is Zurich's outside coverage attorney.

32. Attached hereto as **Exhibit USA-30** is a true and correct copy of a Memorandum regarding Notification of Potential Claim for Mt. Lake Site, Presidio of San Francisco, dated 8 August 2001, from Sharron L. Reackhof of the Presidio Trust to Zurich U.S. Environmental Claims Unit, produced in discovery by defendants.

33. Attached hereto as **Exhibit USA-31** is a true and correct copy of a letter dated September 28, 2001 from DTSC's Daniel E. Murphy to Ron Moriguchi, District Manager, Department of Transportation, State of California, as well as Joanne Marchetta, Assistant General Counsel,

6

and Sharron L. Reachof (sic), Environmental Remediation Manager, The Presidio Trust, produced in discovery by defendants at ZS0076291-294.

34. Attached hereto as **Exhibit USA-32** is a true and correct copy of a memorandum from John Catts to Mark Lechowicz and Kathleen Bailey dated October 22, 2001 about the Subject of "Presidio – Evaluation of Potential Claim – Mountain Lake Real Estate Environmental Liability Policy, produced on October 22, 2010, by defendants after Magistrate Laporte granted our motion to compel.

35. Attached hereto as **Exhibit USA-33** is a true and correct copy of memorandum from Michael McMullen to Lindene Patton, William Bir and William Lynch, all of Zurich, dated October 24, 2001 regarding Mountain Lake Site, Presidio of San Francisco, produced on October 22, 2010, by defendants after Magistrate Laporte granted our motion to compel.

36. Attached hereto as **Exhibit USA-34** is a true and correct copy of a letter dated December 21, 2001 from Mark Lechowicz of Zurich to Tom Kingston of the Presidio Trust regarding Mt. Lake Site, File 912-40217, produced by defendants in discovery.

37. Attached hereto as **Exhibit USA-35** is a true and correct copy of letter dated February 27, 2002 from DTSC's Daniel E. Murphy to Ron Moriguchi, District Manager, Department of Transportation, State of California, as well as Joanne Marchetta, Assistant General Counsel, and Craig Cooper, Environmental Remediation Manager, The Presidio Trust, produced in discovery by defendants at ZS0076279-281.

38. Attached hereto as **Exhibit USA-36** is a true and correct copy of correspondence from Craig Cooper of the Trust to Mark Lechowicz of Zurich dated December 4, 2002 regarding Request for "No Cost" Modification to the Insured Project Scope of Work Endorsement with three page table attachments, produced in discovery by defendants.

39. Attached hereto as **Exhibit USA-37** is a true and correct copy of memorandum from John Catts to Mark Lechowicz and Kathleen Bailey dated December 17, 2002 regarding Update on Mountain Lake Activities, produced in discovery by defendants.

40. Attached hereto as **Exhibit USA-38** is a true and correct copy of correspondence from Craig Cooper of the Trust to Michael Gabrielli, Zurich North America, dated January 6, 2006, produced in discovery by defendants at ZS0013239-242.

41. Attached hereto as **Exhibit USA-39** is a true and correct copy of a memorandum dated September 15, 2006, from John Catts to Renee Beshara of Zurich-American Insurance Group and Kathleen Bailey, regarding Presidio-Mountain Lake Chronology and Details of Investigative Activities, produced in discovery by defendants.  At the time of this exhibit, Renee Beshara was Zurich's claims adjuster for the Presidio insurance policies.

42. Attached hereto as **Exhibit USA-40** is a true and correct copy of Renee Beshara's November 7, 2006 letter to Craig Cooper denying the Trust's REEL Claim for Mountain Lake, as confirmed at his deposition by Mr. Zeman.

43. Attached hereto as **Exhibit USA-41** is a true and correct copy of an email from Ms. Beshara to Mr. Cooper dated November 7, 2006, produced in discovery by defendants, stating "Attached please find Zurich's letter in response to the claim submitted by the Trust in connection with the Moutain (sic) Lake site."

44. Attached hereto as **Exhibit USA-42** is a true and correct copy of a letter from Christopher Zeman of Zurich to Andrea Andersen of the Trust, dated February 14, 2008, regarding Mountain Lake sediments, produced in discovery by defendants.  According to his deposition testimony, Mr. Zeman became Zurich's claims adjuster on the Presidio account in approximately January 2008.

*United States v. Zurich Insurance Co., et al.*
U.S. District Court Action 08-5005 MMC

45. Attached hereto as **Exhibit USA-43** is a true and correct copy of a memorandum from Christopher Zeman to the Presidio Trust, National Park Service, dated April 11, 2008, which Mr. Zeman confirmed in his deposition was his writing.

46. Attached hereto as **Exhibit USA-44** is a true and correct copy of Mr. Zeman's August 4, 2008 letter to Andrea Andersen regarding defendants' coverage position on Mountain Lake, produced in discovery by defendants.

47. Attached hereto as **Exhibit USA-45** is a true and correct copy of Mr. Zeman's March 1, 2010 letter to the Trust regarding the Third Quarter Report for 2009.  In the letter, Mr. Zeman noted that "per our July 16, 2009 discussion, you agreed with our practice of reviewing these costs under the RSL Policy so as to avoid the need for Steadfast to deny these costs and the Trust having to resubmit these costs specifically for review under the RSL Policy.  Steadfast understands that the Trust's concurrence is intended to be procedural in nature and has no impact on positions taken in the ongoing litigation."  Mr. Zeman confirmed at his deposition that he wrote this letter.

48. Attached hereto as **Exhibit USA-46** is a true and correct copy of a document produced by defendants as part of an exchange of electronically stored information.  The document is an apparent draft of a letter to Andrea Andersen at the Presidio Trust prepared sometime after June 2008.  The document states in part: …the RSL policy only covers remediation activities necessary to clean up lead (or other contaminants) above actionable levels."

## Letterman Army Institute of Research ("LAIR")

49. Attached hereto as **Exhibit USA-47** is a true and correct copy of Zurich's claims notes regarding LAIR for the period July 2006 to February 2009, produced on October 22, 2010,

9

by defendants after Magistrate Laporte granted our motion to compel.  The document in a redacted form was produced earlier by defendants.

50. Attached hereto as **Exhibit USA-48** is a true and correct copy of "Closure Report Letterman Digital Arts Center Site, Presidio of San Francisco, prepared by Harding ESE, dated September 30, 2002, and produced in discovery by defendants.  Mr. Catts confirmed this exhibit was a copy of the Harding report in his deposition at page 153.

51. Attached hereto as **Exhibit USA-49** is a true and correct copy of a letter from Craig Cooper to Mark Lechowicz of Zurich, dated October 17, 2002, regarding Notice of Potential Claim concerning the Letterman Planning Area under the Real Estate Environmental Liability (REEL) Insurance Policy, produced in discovery by defendants.

52. Attached hereto as **Exhibit USA-50** is a true and correct copy of correspondence from Craig Cooper to Lisa McKay dated November 3, 2004 concerning a claim for the LAIR Facility Area under the REEL Policy, produced in discovery by defendants.  Ms. McKay was the claims adjuster during this time period, succeeding Mr. Lechowicz in that role.

53. Attached hereto as **Exhibit USA-51** is a true and correct copy of a memorandum from John Catts to Renee Beshara and Kathleen Bailey dated April 11, 2006 regarding the LAIR claim. The document was produced in discovery by defendants.

54. Attached hereto as **Exhibit USA-52** is a true and correct copy of a letter dated July 17, 2006 from Renee Beshara to Craig Cooper regarding the LAIR claim, confirming REEL coverage for the claim and discussing the number and location of four pollution events described as previously existing but not known to be at levels requiring remediation.

///

///

10

**Richardson Slip Ramp**

55. Attached hereto as **Exhibit USA-53** is a true and correct copy of Zurich's claims notes regarding Richardson Slip Ramp for the period April 2005 to February 2009, produced on October 22, 2010, by defendants after Magistrate Laporte granted our motion to compel.  The document in a redacted form was produced earlier by defendants.

56. Attached hereto as **Exhibit USA-54** is a true and correct copy of a letter from Lisa MacKay to Craig Cooper dated April 11, 2005 regarding this claim.  Defendants produced this document in discovery.

57. Attached hereto as **Exhibit USA-55** is a true and correct copy of a memorandum from John Catts to Renee Beshara and Kathleen Bailey dated October 11, 2005 regarding Richardson Slip Ramp claim.  The document was produced in discovery by defendants.

58. Attached hereto as **Exhibit USA-56** is a true and correct copy of an email by Renee Beshara dated July 7, 2006 discussing Richardson Slip Ramp and LAIR, confirming that Richardson Slip Ramp was "covered in full" and payment will be processed before a meeting scheduled the following week.  Defendants produced this document in discovery.

**Merchant Road Site**

59. Attached hereto as **Exhibit USA-57** is a true and correct copy of Zurich's claims notes regarding the Merchant Road site for the period March 2007 to January 2009, produced on October 22, 2010, by defendants after Magistrate Laporte granted our motion to compel.  The document in a redacted form was produced earlier by defendants.

60. Attached hereto as **Exhibit USA-58** is a true and correct copy of correspondence dated April 26, 2007 from Renee Beshara to Craig Cooper regarding this REEL claim, which defendants produced in discovery.

61. Attached hereto as **Exhibit USA-59** is a true and correct copy of a memorandum from John Catts to Chris Zeman and Kathleen Bailey dated June 30, 2008 regarding the Merchant Road REEL claim.  The document was produced in discovery by defendants.

62. Attached hereto as **Exhibit USA-60** is a true and correct copy of an email by Chris Zeman dated August 7, 2008 to Bill Lynch and John Catts regarding this REEL claim.  Mr. Zeman wrote:  "In short, arsenic levels are below action levels, therefore, at this time there is no pollution event and no coverage at this time."  Defendants produced this document in discovery.

63. Attached hereto as **Exhibit USA-61** is a true and correct copy of Mr. Zeman's October 22, 2008 letter to the Presidio Trust's then-Remediation Manager Eileen Fanelli denying the Trust's REEL claim for this site.  Discussing the findings regarding arsenic, Mr. Zeman wrote in part "it appears as though there has not been a "Pollution Event" at the Merchant Road Fill Site, on page 3.  Defendants produced this document in discovery.

### Baker Beach 2A

64. Attached hereto as **Exhibit USA-62** is a true and correct copy of Zurich's claims notes regarding the Baker Beach 2A site for the period May 2007 to August 2007, produced on October 22, 2010, by defendants after Magistrate Laporte granted our motion to compel.  The document in a redacted form was produced earlier by defendants.

65. Attached hereto as **Exhibit USA-63** is a true and correct copy of memorandum from John Catts to Lisa MacKay and Kathy Bailey dated October 5, 2004 regarding the Baker Beach 2A REEL claim.  The document was produced in discovery by defendants.

66. Attached hereto as **Exhibit USA-64** is a true and correct copy of memorandum from John Catts to Lisa MacKay and Kathy Bailey dated April 12, 2005 regarding the Baker Beach 2A

REEL claim.  The document was produced in discovery by defendants.

67. Attached hereto as **Exhibit USA-65 is** a true and correct copy of Renee Beshara's November 2, 2006 letter to Craig Cooper, with cover email showing transmission, regarding this claim. In this letter, Ms. Beshara, the Zurich claims adjuster at this time, discusses Endorsement 3 to the REEL and describes it as having a single contractual purpose.  "Endorsement 3 has a single purpose: to identify which of the universe of known "Pollution Events" listed in Exhibit 2 would be deemed known (and therefore excluded from coverage by Exclusion A to the REEL Policy) and which of the universe of known "Pollution Events" listed in Exhibit 2 would be deemed unknown (and therefore not excluded from coverage by Exclusion A to the REEL Policy).   Endorsement 3 has no other purpose or contractual intent."  Defendants produced this document in discovery.

68. Attached hereto as **Exhibit USA-66 is** a true and correct copy of a facsimile from John Catts to Renee Beshara, Bill Lynch, Bill Bir (another Zurich underwriter) and Kathy Bailey, dated May 2, 2007, informing Zurich that the RAP for this site will be discussed at a public meeting on May 15, 2007 with public comment ending June 7th.  This document was produced in discovery by defendants.

69. Attached hereto as **Exhibit USA-67 is** a true and correct copy of a letter dated May 14, 2007 from Renee Beshara to Craig Cooper confirming the Baker Beach 2A claim was covered under the REEL Policy.  Defendants produced this document in discovery.

70. Attached hereto as **Exhibit USA-68 is** a true and correct copy of a letter from Craig Cooper to Renee Beshara regarding this claim.

71. Attached hereto as **Exhibit USA-69 is** a true and correct copy of a letter dated July 6, 2007 signed by Renee Beshara discussing Exhibit 67 and this claim.

72. Attached hereto as **Exhibit USA-70** is a true and correct copy of a memorandum from John Catts to Renee Beshara and Kathy Bailey dated August 12, 2007 regarding the Baker Beach 2A REEL claim.  The document was produced in discovery by defendants.

73. Attached hereto as **Exhibit USA-71** is a true and correct copy of a letter dated August 29, 2007 from Andrea Andersen of the Trust to Renee Beshara, which defendants produced in discovery.

74. Attached hereto as **Exhibit USA-72** is a true and correct copy of email correspondence dated August 29, 2007 to September 7, 2007 between Andrea Andersen and Renee Beshara, with copies to John Catts, Bill Lynch and others.  Defendants produced this document in discovery.

75. Attached hereto as **Exhibit USA-73** is a true and correct copy of a letter dated October 31, 2008 regarding this claim, addressed to Christopher Zeman at Zurich American Insurance Company.  Defendants produced this document in discovery.

76. Attached hereto as **Exhibit USA-74** is a true and correct copy of a letter dated September 25, 2009 from Mr. Zeman responding to Exhibit USA-72.  Defendants produced this document in discovery.

### Building 937

77. Attached hereto as **Exhibit USA-75** is a true and correct copy of a portion of Table 2-4 from the Crissy Field Final Remedial Action Plan, dated April 9, 1998, as produced by our office in discovery and as confirmed by John Catts at his deposition.

78. Attached hereto as **Exhibit USA-76** is a true and correct copy of Zurich's claims notes regarding the Building 937 for the period March 2006 to January 2009, six pages total,

produced on October 22, 2010, by defendants after Magistrate Laporte granted our motion to compel.  The document in a redacted form was produced earlier by defendants.

79. Attached hereto as **Exhibit USA-77** is a true and correct copy of a letter from Craig Cooper to Michael Gabrielli dated February 17, 2006 regarding notice of a REEL claim at Building 937.  Defendants produced this document in discovery.

80. Attached hereto as **Exhibit USA-78** is a true and correct copy of a memorandum by John Catts dated August 16, 2007 to Renee Beshara and Kathy Bailey regarding this REEL Claim. On October 22, 2010, defendants produced this document after the Court granted our motion to compel.  Neither this document nor its contents had ever been disclosed to the United States before this litigation.  In this memorandum, Mr. Catts evaluates the Trust's REEL claim, and after noting the Army's February 2006 letter stating its position that due to its historical use of Building 937 the presence of PCE would not be surprising, Mr. Catts concludes "PCE and other VOCs in soil vapor and indoor air were not known at policy inception, and are not part of the RSL Policy Scope of Work, and therefore constitute a previously unknown pollution event."  Also included in this exhibit is a copy of the Army's February 27, 2006 letter regarding this site, noting "…many documents listed in Exhibit 2 make reference to solvents, degreasers, cleaners, waste oils, etc., so it would be expected that VOC's would be present at the site" and an internal Zurich document confirming that PCE at Building 937 was not known and confirming acceptance of the Trust's REEL claim.

81. Attached hereto as **Exhibit USA-79** is a true and correct copy of Mr. Catts' November 9, 2007 memorandum regarding this REEL claim.

82. Attached hereto as **Exhibit USA-80** is a true and correct copy of Zurich's letter dated November 13, 2007 denying the Trust's REEL claim.

83. Attached hereto as **Exhibit USA-81** is a true and correct copy of Zurich's letter dated August 7, 2008 confirming the coverage determination it made in the previous exhibit

### RSL Scope of Work Letters

84. Attached hereto as **Exhibit USA-82** is a true and correct copy of a June 27, 2000 letter from Zurich Insurance Company signed by Mark Lechowicz regarding the The Presidio Trust Remediation Stop-Loss Policy, Second Progress Report.  The letter states in part:  "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

85. Attached hereto as **Exhibit USA-83** is a true and correct copy of a December 28, 2000 letter from Zurich Insurance Company signed by Mark Lechowicz regarding the The Presidio Trust Remediation Stop-Loss Policy, Fourth Progress Report.  The letter states in part:  "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

86. Attached hereto as **Exhibit USA-84** is a true and correct copy of a September 28, 2001 letter from Zurich Insurance Company signed by Mark Lechowicz regarding the The Presidio Trust Remediation Stop-Loss Policy, Seventh Progress Report.  The letter states in part:  "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

87. Attached hereto as **Exhibit USA-85** is a true and correct copy of a December 31, 2001 letter from Zurich Insurance Company signed by Mark Lechowicz regarding the The Presidio

Trust Remediation Stop-Loss Policy, Eighth Progress Report.  The letter states in part:  "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

88. Attached hereto as **Exhibit USA-86** is a true and correct copy of a April 1, 2002 letter from Zurich Insurance Company signed by Mark Lechowicz regarding the The Presidio Trust Remediation Stop-Loss Policy, Ninth Progress Report.  The letter states in part:  "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

89. Attached hereto as **Exhibit USA-87** is a true and correct copy of a June 26, 2002 letter from Zurich Insurance Company signed by Mark Lechowicz regarding the The Presidio Trust Remediation Stop-Loss Policy, Tenth Progress Report.  The letter states in part:  "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

90. Attached hereto as **Exhibit USA-88** is a true and correct copy of a March 31, 2003 letter from Zurich Insurance Company signed by Mark Lechowicz regarding the The Presidio Trust Remediation Stop-Loss Policy, Third Quarterly Report for 2002.  The letter states in part:  "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  This letter states that LAIR Site investigation costs of $47,136.82 are outside the RSL's Scope of Work.  Defendants produced this document in discovery.

91. Attached hereto as **Exhibit USA-89** is a true and correct copy of a June 26, 2003 letter from Zurich Insurance Company signed by Mark Lechowicz regarding the The Presidio Trust Remediation Stop-Loss Policy, Fourth Quarterly Report for 2002.  The letter states in part: "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

92. Attached hereto as **Exhibit USA-90** is a true and correct copy of October 10, 2003 letter from Zurich Insurance Company signed by Mark Lechowicz regarding the The Presidio Trust Remediation Stop-Loss Policy, First Quarterly Report for 2003.  The letter states in part:  "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

93. Attached hereto as **Exhibit USA-91** is a true and correct copy of March 29, 2004 letter from Zurich Insurance Company signed by Mark Lechowicz regarding the The Presidio Trust Remediation Stop-Loss Policy, Third Quarterly Report for 2003.  The letter states in part: "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

94. Attached hereto as **Exhibit USA-92** is a true and correct copy of July 1, 2004 letter from Zurich Insurance Company, by Lisa MacKay, regarding the The Presidio Trust Remediation Stop-Loss Policy, Fourth Quarter Report for 2003.  The letter states in part:  "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks

required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

95. Attached hereto as **Exhibit USA-93** is a true and correct copy of October 15, 2004 letter from Zurich Insurance Company, signed by Lisa MacKay, regarding the The Presidio Trust Remediation Stop-Loss Policy, First Quarter Report for 2004.  The letter states in part:  "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

96. Attached hereto as **Exhibit USA-94** is a true and correct copy of January 17, 2005 letter from Zurich Insurance Company, signed by Lisa MacKay, regarding the The Presidio Trust Remediation Stop-Loss Policy, Second Quarter Report for 2004.  The letter states in part: "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

97. Attached hereto as **Exhibit USA-95** is a true and correct copy of July 7, 2005 letter from Zurich Insurance Company, signed by Lisa MacKay, regarding the The Presidio Trust Remediation Stop-Loss Policy, Fourth Quarter Report for 2004.  The letter states in part: "As you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  Defendants produced this document in discovery.

98. Attached hereto as **Exhibit USA-96** is a true and correct copy of October 10, 2005 letter from Zurich Insurance Company, by Lisa MacKay, regarding the The Presidio Trust Remediation Stop-Loss Policy, First Quarter Report for 2005.  The letter states in part:  "As

you know, to be covered under the policy, the costs incurred by The Presidio Trust must be for tasks required to complete the activities and schedule outlined in the Scope of Work Endorsement."  The email attached to this letter is Ms. MacKay's announcement that she was accepting a different assignment at Zurich and Mr. Gabrielli would succeed her on the Presidio account.  Defendants produced this document in discovery.

99. The defendants continue to use this quoted language regarding the restrictive nature of the RSL's Scope of Work in letters to the Presidio Trust.  For example, the language appears in Mr. Zeman's March 1, 2010 letter, which is **Exhibit USA-45**.

### Miscellaneous Documents

100. Attached hereto as **Exhibit USA-97** is a true and correct copy of a July 24, 2001 memorandum by John Catts to Mark Lechowicz and Dawn Hiestand of Zurich-American Insurance Group providing a Five-year Estimate for Technical Support – Presidio of San Francisco.  In the "Scope of Work" section on page 1, Mr. Catts' wrote "(3) Identify, clarify, and to the extent possible reconcile deviations from the scope of work, schedule and costs estimates. (4) Provide a written analysis of quarterly progress reports to Zurich identifying whether work performed falls within or outside the Remediation Stop Loss Policy Scope of Work…"  Defendants produced this document in discovery.

101. Attached hereto as **Exhibit USA-98** is a true and correct copy of a memorandum written by Mark Lechowicz dated May 23, 2001, describing the RSL and REEL policies as "Zurich's first military Base type program policy."  Defendants produced this document in discovery.

102. Attached hereto as **Exhibit USA-99** is a true and correct copy of emails from June 2002 written by Zurich's employees Lechowicz, McMullen and Bir.  Mr. Bir wrote on June 26, 2002 that with respect to Barnard Avenue Firing Range, "we could choose to refer to it as an

unknown on the REEL or schedule it onto the RSL.  Mike [McMullen] and I would prefer to schedule it the the (sic) RSL, but I want to get the claims perspective on it as well."  Zurich never told the Presidio Trust that it had the option to select coverage under either policy for Barnard Avenue Firing Range or any other claim.  Defendants produced this document in discovery.

103. Attached hereto as **Exhibit USA-100** is a true and correct copy of a September 30, 2002 memorandum by John Catts to Mark Lechowicz and Kathleen Bailey regarding Restoration Advisory Board Meeting on September 10, 2002.  On Page 2 Mr. Catts discusses the status of the Trust's efforts to move the process forward to get Caltrans to participate in discussions regarding Mountain Lake.  On Page 3 Mr. Catts states that work at LAIR has been completed.  Defendants produced this document in discovery.

104. Attached hereto as **Exhibit USA-101** is a true and correct copy of a December 12, 2002 memorandum by John Catts to Mark Lechowicz and Kathy Bailey.  The memo states on page 1, first paragraph, "Zurich has determined that the [Mountain Lake] potential claim, as filed by the Presidio Trust, is covered under the Remediation Stop-Loss (RSL) Policy."  Defendants produced this document in discovery.

105. Attached hereto as **Exhibit USA-102** is a true and correct copy of a memorandum by John Catts to Zurich providing underwriting materials.  Defendants produced this document in discovery.

106. Attached hereto as **Exhibit USA-103** is a true and correct copy of emails written by Zurich claims adjuster Michael Gabrielli, dated January 2006.  Defendants produced these documents in discovery.

107. Attached hereto as **Exhibit USA-104** is a true and correct copy of a memorandum dated April 6, 2006 by John Catts to Renee Beshara and Kathleen Bailey providing an Update on Presidio Trust Insurance Policies.  On October 22, 2010, defendants produced this document after the Court granted our motion to compel.  Neither this document nor its contents had ever been disclosed to the United States before this litigation.  In this memorandum, Mr. Catts informs Zurich that the estimated costs for remediation of the two largest REEL claims, Mountain Lake and Baker Beach 2A, are "$5.4M and $2.4M" respectively.

108. Attached hereto as **Exhibit USA-105** is a true and correct copy of an email dated March 9, 2007 from John Catts to Renee Beshara and others at Zurich regarding Trust Financial Projections.  On October 22, 2010, defendants produced this document after the Court granted our motion to compel.  Neither this document nor its contents had ever been disclosed to the United States before this litigation.  In this email, Mr. Catts describes work at Mountain Lake, Baker Beach 2A, and Building 937 as "unanticipated scope" and he estimates that if Mountain Lake is included within the RSL, the exposure to Zurich is $17 million over that policy's self-insured retention.

### Deposition Transcripts

109. Attached hereto as **Exhibit USA-106** are true and correct copies of excerpts of the deposition of Joshua Bloom, Esq., who was an attorney representing the Presidio Trust in the negotiations leading up to the placement of the REEL and RSL Policies, which became effective May 24, 1999.

110. Attached hereto as **Exhibit USA-107** are true and correct copies of excerpts of the deposition of Greg Archbald, who retired from the Golden Gate National Parks Association on August 23, 1999.

111. Attached hereto as **Exhibit USA-108** are true and correct copies of excerpts of the deposition of Craig Cooper, formerly the Presidio Trust's Remediation Manager who now is employed with the United States Environmental Protection Agency.

112. Attached hereto as **Exhibit USA-109** are true and correct copies of excerpts of the deposition of Brian Ullensvang, an employee of the National Park Service.

113. Attached hereto as **Exhibit USA-110** is a true and correct copy of the condensed transcript of defendants' employee Christopher Zeman, which took place on May 19, 2010.

114. Attached hereto as **Exhibit USA-111** is a true and correct copy of the condensed transcript of defendants' former employee Renee Beshara, which took place on June 28, 2010.

115. Attached hereto as **Exhibit USA-112** is a true and correct copy of the condensed transcript of defendants' consultant John Catts, part one, which took place on August 19, 2010.

116. Attached hereto as **Exhibit USA-113** is a true and correct copy of the condensed transcript of defendants' consultant John Catts, part two, which took place on September 1, 2010.

117. Attached hereto as **Exhibit USA-114** is a true and correct copy of the condensed transcript of defendants' former employee William Lynch, which took place on September 19, 2010.

118. Attached hereto as **Exhibit USA-115** is a true and correct copy of the condensed transcript of defendants' former employee Michael McMullen, which took place on August 5, 2010.

119. Attached hereto as **Exhibit USA-116** is a true and correct copy of the condensed transcript of defendants' employee Mark Lechowicz, which took place on November 2, 2010.

120. Attached hereto as **Exhibit USA-117** is a true and correct copy of the condensed transcript of defendants' employee Lisa MacKay, which took place on November 3, 2010.

121.Attached hereto as **Exhibit USA-118** is a true and correct copy of the condensed transcript of defendant Steadfast Insurance Company under FRCP 30(b)(6), which took place on November 9, 2010.

122.Attached hereto as **Exhibit USA-119** is a true and correct copy of the condensed transcript of UC-Berkeley Professor Roger Byrne, which took place on October 29, 2010, by stipulation of the parties, after Zurich withdrew a motion to compel the deposition.

**Discovery Responses**

123.Attached hereto as **Exhibit USA-120** is a true and correct copy of defendant Steadfast's Objections and Responses to Requests for Admission, Set 1, from the United States, dated September 1, 2010.

124.Attached hereto as **Exhibit USA-121** is a true and correct copy of defendant Zurich American's Response to Requests for Admission, Set 1, from the Presidio Trust, dated September 10, 2010.

125.Attached hereto as **Exhibit USA-122** is a true and correct copy of defendant Steadfast's Response to Requests for Admission, Set 1, from the Presidio Trust, dated September 10, 2010.

126.Attached hereto as **Exhibit USA-123** is a true and correct copy of The Presidio Trust's Response to Steadfast Insurance Company's First Set of Interrogatories, dated August 9, 2009.

**Dictionary entries**

127.Attached hereto as **Exhibit USA-124** are true and correct copies of pages from www.freedictionary.com, an on-line dictionary provided by Houghton-Mifflin.

24

128. According to this on-line dictionary, "irritant" means "causing irritation."

[[http://www.thefreedictionary.com (citing The American Heritage® Dictionary of the English Language, Fourth Edition copyright ©2000 by Houghton Mifflin Company.)]]  The definition of "irritation," in turn, includes: "A condition of inflammation, soreness, or irritability of a bodily organ or part."  *Id.*  "Contaminant" is "one that contaminates."  *Id.*  "Contaminate," in turn, means "To make impure or unclean by contact or mixture."  *Id.*  Finally, "pollutant" is "a substance that pollutes."  *Id.*  "Pollute," in turn, means "To make unfit for or harmful to living things, especially by the addition of waste matter."  *Id.*  A common technical definition of "pollutant" is, perhaps, more relevant to the instant matter.  It defines "pollutant" as:

> A substance or condition that contaminates air, water, or soil.
> Pollutants can be artificial substances, such as pesticides and PCBs,
> or naturally occurring substances, such as oil or carbon dioxide, that
> occur in harmful concentrations in a given environment.

I declare under penalty of perjury that the foregoing is true and accurate and that I have executed this declaration on November 19, 2010, in San Francisco, California.


_____/s/_____

JONATHAN U. LEE
